[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION de MOTION FOR CONTEMPT (#122)
The plaintiff seeks to enforce a provision of a written stipulation which was found by the court to be fair, reasonable and equitable and which the court ordered incorporated into and made part of the judgment file as follows:
"2.3 The Husband and Wife agree that all of the contents of the marital residence, except the items listed on Schedule A, attached hereto shall belong solely to the Wife. If any dispute arises regarding the ownership of such items, the Husband and Wife agree to submit that issue to the Superior Court for determination. The Husband shall also retain one (1) sub zero CT Page 4737 refrigerator, a built-in stove, and a built-in dishwasher."
Prior to the entry of judgment on July 9, 1990, the defendant had been occupying the premises. An inventory was prepared, dated June 12, 1990, (Plaintiff's Exhibit A) but it was not referenced in the judgment.
After entry of judgment, the plaintiff employed a professional moving company, (Defendant's Exhibit #1). On October 23, 1990, six (6) movers, in company with the plaintiff, entered the defendant's residence and were allowed to remove every item of personal property that plaintiff wanted to take. Neither party made a list of what was taken.
On November 13, 1990 the plaintiff filed a motion for contempt alleging, inter alia, that she was unable to remove the items listed on Schedule B annexed to the motion (Plaintiff's Exhibit B) because the defendant had previously removed them. During this hearing, the plaintiff introduced an additional list (Plaintiff's Exhibit C) of items that were on defendant's premises but which plaintiff claims the movers were not allowed to remove. None of the moving men were called as witnesses. The defendant testified that the plaintiff's movers were allowed to take any item and that, as to most of the items on Exhibit C, the plaintiff expressed no interest in them.
The court cannot determine, nor did the plaintiff testify from her personal observation, what was in the house as of July 9, 1990.
The court has evaluated the parties' testimony and finds that the defendant's version of the events of October, 1990 to be as credible as the plaintiff's version. Further, the court finds that the open access to the house and removal of the items of personal property by the movers under the plaintiff's direction constitutes compliance with the court's order concerning the contents of the home.
Therefore, the plaintiff's motion is denied. No attorney fees are allowed.
HARRIGAN, J.